IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CHRISTOPHER H. WEST,                )
                                    )
            Plaintiff,              )
                                    )
    v.                              )   C.A. No. 18-1826 (MN)
                                    )
PERRY PHELPS, et al.,               )
                                    )
            Defendants.             )

## MEMORANDUM OPINION

Christopher H. West, James T. Vaughn Correctional Center, Smyrna, Delaware, *Pro Se* Plaintiff.

May 21, 2019
Wilmington, Delaware

*Maryellen Noreika* [signature]

**NOREIKA, U.S. District Judge:**

I.       **INTRODUCTION**

Plaintiff Christopher H. West ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 1). He appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 7). He also requests counsel. (D.I. 4). The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

II.      **BACKGROUND**

Plaintiff alleges that he is classified as "seriously mentally ill" and that the mental health RTC (*i.e.*, residential treatment program) he participated in was stopped in February 2017 as result of the VCC prison riot that resulted in the death of a correctional officer. Plaintiff alleges that since the uprising he has been "seriously neglected and targeted for retaliation by staff and security." (D.I. 1 at 6). He alleges that when the RTC was created, Defendants punished mentally ill inmates, like himself, when they took away contact visits and a higher commissary limit formerly enjoyed by them. (*Id.*). Plaintiff alleges that Defendants have made it profitable for Connections, the prison medical contract provider that is overseen by McKay, to benefit by providing deficient treatment.

Plaintiff, who is housed in solitary confinement, complains of the conditions under which he is housed. (*Id.* at 7). He alleges that he is kept in prison longer because he is seriously mentally ill as he is deprived of meaningful rehabilitation programs/treatment. (*Id.*).

---

[1]     When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. Defendants are sued in their individual and official capacities.

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must

plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV.  DISCUSSION

### A.  Respondeat Superior/Personal Involvement

Defendants Delaware Department of Correction Commissioner Perry Phelps ("Phelps") and Connections' CEO Kathy McKay ("McKay"), are both supervisory officials. Liability in a 42 U.S.C. § 1983 action is personal in nature, and to be liable, a defendant must have been personally involved in the wrongful conduct. That is to say, defendants are "liable only for their own unconstitutional conduct." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, 135 S.Ct. 2042 (2015). Hence, respondeat superior cannot form the basis of liability. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *see also Alexander v. Forr*, 297 F. App'x 102, 104-05 (3d Cir. 2008) (constitutional deprivation cannot be premised merely on the fact that the defendant was a prison supervisor when the incidents set forth in the complaint occurred). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

"[T]here are two theories of supervisory liability, one under which supervisors can be liable if they established and maintained a policy, practice or custom which directly caused the

constitutional harm, and another under which they can be liable if they participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations.'" *Parkell v. Danberg*, 833 F.3d 313, 331 (3d Cir. 2016) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010)).

Even when liberally construing the Complaint, the allegations are conclusory and fail to allege facts that, if proven, would show personal involvement by Defendants. In addition, the allegations fall far short of alleging that either Defendant personally directed or knew of and acquiesced in any alleged constitutional violation. *See Evancho v. Fisher*, 423 F.3d at 353-54. Absent any allegation of personal involvement, Plaintiff's § 1983 claims cannot stand.

As pleaded, the Complaint fails to state claims upon which relief may be granted. Therefore, it will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Because it appears plausible, however, that Plaintiff may be able to articulate a claim against Defendants or to name alternative defendants, he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

### B. Request for Counsel

Plaintiff filed a letter with the Court giving notice of his intent to have an attorney represent him in this matter. To date, this has not happened. To the extent Plaintiff requests counsel, his request will be denied without prejudice to renew as premature given that there is no operative pleading. *See Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

5

## V. CONCLUSION

For the above reasons, the Court will: (1) dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1); (2) give Plaintiff leave to file an amended complaint; and (3) and deny without prejudice to renew Plaintiff's request for counsel. (D.I. 4).

An appropriate Order will be entered.