IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER H. WEST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 18-1826 (MN) |
| | ) |
| HERMAN ELLIS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Christopher H. West, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

October 4, 2019
Wilmington, Delaware

**NOREIKA, U.S. District Judge:**

I.  **INTRODUCTION**

Plaintiff Christopher H. West ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 1). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7). The Court screened and dismissed the original complaint and gave Plaintiff leave to amend. (D.I. 9, 10). Plaintiff has filed an Amended Complaint. (D.I. 11). He also requests counsel. (D.I. 12). The Court proceeds to review and screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

II. **BACKGROUND**

Plaintiff alleges that he is classified as "seriously mentally ill." He sues Defendants in their individual and official capacities. The Amended Complaint contains three claims. Claim 1, raised against Defendant Dr. Edward Lynch ("Dr. Lynch") alleges that in April 2015, Dr. Lynch ordered Plaintiff held in four-point restraints for 9.5 days. (D.I. 11 at 2). Claim 2, raised against Defendants Connections, Inc. ("Connections") and JTVCC Residential Treatment Center Director Dr. Marc Richardson ("Dr. Richardson"), alleges that Plaintiff was: (1) housed in solitary confinement for mental illness; (2) not provided needed mental health treatment for several months; and (3) punished when his contact visits were taken away and a higher commissary limit was imposed, and further alleges that Connections and Dr. Richardson failed to comply with the terms of a mental health settlement, all of which harmed Plaintiff. Claim 3, raised against Connections, Dr. Lynch, Dr. Moen ("Dr. Moen"), and Dr. Ellis ("Dr. Ellis"), alleges Defendants

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

1

have delayed or denied necessary medical care and treatment. Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages.

**III.     LEGAL STANDARDS**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570)). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must

plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Claim 1

Claim 1 alleges that Dr. Lynch ordered Plaintiff held in four-point restraints in April 2015. Plaintiff commenced this action on November 20, 2018, and the claim is clearly time-barred. The Amended Complaint alleges that Claim 1 is not time-barred because Plaintiff raised it in *West v. Coupe*, C.A. No. 16-941 (MN), the case was dismissed due to a conflict of interest and, therefore, the claim is valid.

For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). "Although the statute of limitations is an affirmative defense, *sua sponte* dismissal is appropriate when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)). It is clear from the face of the Amended Complaint, that Claim 1 is barred by the two-year statute of limitation period.

In addition, Claim 1 is barred by claim preclusion.[2] The Amended Complaint references *West v. Coupe*, C.A. No. 16-941 (MN), a case Plaintiff filed in this Court. Plaintiff initially appeared *pro se* and later in the case was represented by counsel. Civil Action No. 16-941(MN) raises the same claim against the Delaware Department of Correction Commission and the JTVCC Mental Health Director. *See West v. Coupe*, C.A. No. 16-941 (MN) at D.I. 3. In that case, Plaintiff filed a notice of stipulated dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)A, and a dismissal order was entered on May 29, 2019. *Id*. at D.I. 54, 55. The case was dismissed with prejudice. *Id*.

The Federal Rules of Civil Procedure provide that a plaintiff may "dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(1)(ii). Rule 41 explicitly provides that a voluntary dismissal by the Plaintiff is "without prejudice," with the qualification "unless the notice or stipulation states otherwise." Fed. R. Civ. P. 41(a)(1)(B). Plaintiff voluntarily dismissed *West v. Coupe*, C.A. No. 16-941 (MN) with prejudice. Dismissal with prejudice means the dismissal is final and binding. A plaintiff's stipulation to voluntarily dismiss a claim with prejudice precludes a plaintiff from bringing a subsequent action based on the same claim. *See United States v. One Tract of Real Property*, 95 F.3d 422, 426 (6th Cir. 1996); *see also Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 542 (6th Cir. 2001) ("A voluntary dismissal with prejudice operates

---

[2] The Third Circuit has suggested that *sua sponte* consideration of the issue of preclusion can be appropriate in certain circumstances. *See Reaves v. Pennsylvania Bd. of Prob. & Parole*, 580 F. App'x 49, 51 n.1 (3d Cir. 2014) (citing *United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 175 (3d Cir. 2009 and *Arizona v. California*, 530 U.S. 392, 412 (2000)). In general, this Court may invoke an affirmative defense via its screening responsibilities (*e.g*., 28 U.S.C. § 1915(e)(2)(B)) if the defense or defect is plain. *Id*. (citing *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002) and *Logan v. Moyer*, 898 F.2d 356, 357 (3d Cir. 1990) (remanding because of difficulty in determining whether sua sponte dismissal on the basis of issue preclusion was correct based on an incomplete record).

as a final adjudication on the merits and has a res judicata effect."). In addition, federal courts have agreed that a dismissal by notice, made with prejudice, operates as an adjudication on the merits, a disposition that carries a preclusive effect. *See Derr v. Swarek*, 766 F.3d 430, 440-41 (5th Cir. 2014) ("If the plaintiff chooses to extinguish his rights forever he is entitled to do so, and the defendant will reap the benefit of a res judicata bar to any attempt by the plaintiff to re-litigate the dismissed claims."); *accord Vacanti v. Apothaker & Assocs.,* P.C., No. 09-5827, 2010 WL 4702382, at *4 (E.D. Pa. Nov. 12, 2010) (concluding that a "voluntary dismissal with prejudice operates as a final judgment on the merits" for purposes of res judicata).

The doctrine of res judicata, or claim preclusion, "acts as a bar to relitigation of an adjudicated claim between parties and those in privity with them." *Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 392 (3d Cir. 2002) (internal citations omitted). The doctrine bars not only claims that were brought in a previous action, but also claims that could have been brought. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008) (internal citation omitted). Res judicata applies when there has been (1) a final judgment on the merits in a prior lawsuit involving; (2) the same parties or their privies; and (3) a subsequent suit based on the same cause of action. *Nayak v. McNees Wallace & Murick LLC*, 700 F. App'x 172, 175 (3d Cir. 2017) (citing *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991)). As discussed by the Third Circuit, "[p]recluding 'parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Id*. (quoting *Montana v. United States*, 440 U.S. 147, 153-54 (1979). As to Claim 1, all elements of claim preclusion have been met and, therefore, dismissal is appropriate.

Accordingly, Claim 1 will be dismissed as legally frivolous and barred by reason of res judicata or claim preclusion pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### B.  Medical Negligence

Throughout the Amended Complaint, Plaintiff refers to the medical negligence of Defendants. In Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act. 18 Del. C. §§ 6801-6865. When a party alleges medical negligence, Delaware law requires the party to produce an affidavit of merit with expert medical testimony detailing: (1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury. *Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)) (internal quotations omitted); 18 Del. C.§ 6853. Because Plaintiff alleges medical negligence, at the time he filed the Amended Complaint he was required to submit an affidavit of merit as to each defendant signed by an expert witness. 18 Del. C. § 6853(a)(1).

Plaintiff failed to accompany the Amended Complaint with an affidavit of merit as required by 18 Del. C. § 6853(a)(1). Accordingly, all medical negligence claims will be dismissed.

### C.  Claims 2 and 3

With the exception of the medical negligence claims raised in Claims 2 and 3, Plaintiff has alleged what appear to be cognizable claims against Defendants. He will be allowed to proceed with the claims.

### D.  Request for Counsel

Plaintiff requests counsel on the grounds that the issues are complex, a professional forensic examination is necessary, credibility is an issue, expert witnesses will be necessary, he lacks legal training, he has sought counsel without success, and the allegations establish a violation

of his constitutional rights. (D.I. 12). A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[3] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. To date, the filings demonstrate Plaintiff's ability to articulate his claims and represent himself. In addition, this case is in its early stages and Defendants have not yet been served. Therefore, the

---

[3] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

Court will deny Plaintiff's request for counsel without prejudice to renew. Should the need for counsel arise later, one can be sought at that time.

## V. CONCLUSION

For the above reasons, the Court will: (1) dismiss Claim 1 and all medical negligence claims as legally frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1); (2) allow Plaintiff to proceed with Claims 2 and 3 of the Amended Complaint against Defendants; and (3) deny without prejudice to renew Plaintiff's request for counsel. (D.I. 12).

An appropriate Order will be entered.