IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER H. WEST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 18-1826 (MN) |
| ) | |
| HERMAN ELLIS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Stephen Hampton, GRADY & HAMPTON, LLC, Dover, DE; Nicholas Casamento, CASAMENTO & RATASIEWICZ, P.C., Media, PA – attorneys for Plaintiff

Kenneth L. Wan, Deputy Attorney General, STATE OF DELAWARE DEPARTMENT OF JUSTICE, Wilmington, DE – attorneys for Defendants

September 14, 2021
Wilmington, Delaware



**NOREIKA, U.S. DISTRICT JUDGE:**

Presently before the Court is the motion of Defendants Dana Metzger ("Metzger") and Phillip Parker ("Parker") (collectively, "the State Defendants") to dismiss the Second Amended Complaint for failure to state a claim (D.I. 35) on the grounds that Plaintiff Christopher West has not plausibly alleged a constitutional violation under 42 U.S.C. § 1983.[1] For the reasons set forth below, the State Defendants' motion is GRANTED.

## I. BACKGROUND

This is the third time the Court is reviewing the sufficiency of the allegations raised in Plaintiff's pleading. Plaintiff is a prisoner incarcerated at James T. Vaughn Correctional Center ("JTVCC"). On November 20, 2018, he initiated this § 1983 action *pro se* against Perry Phelps, the Delaware Department of Corrections Commissioner, and Kathy McKay, the CEO of Connections Community Support Programs, Inc. (*See generally* D.I. 1). In the original Complaint, Plaintiff alleged that Phelps and McKay caused Plaintiff to receive inadequate mental health treatment and, in fact, caused Plaintiff to receive punishment for being mentally ill. (*Id.* at 5-7). Under mandatory pre-screening of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a), the Court found that Plaintiff's § 1983 claims were legally frivolous and dismissed the Complaint with leave to amend. (*See* D.I. 9).

---

[1] Defendants Herman Ellis, M.D. ("Ellis"), Christopher Moen, M.D. ("Moen"), Robin Belcher-Timme, Psy.D. ("Belcher-Timme") and Connections Community Support Programs, Inc. ("Connections") (collectively, "the Medical Defendants") also filed a motion to dismiss claims from the Second Amended Complaint. (D.I. 41). On April 22, 2021, Connections filed a suggestion of bankruptcy (D.I. 61) and, on June 7, 2021, the Court stayed all proceedings against Connections and its employees pursuant to 11 U.S.C. § 362(a) and denied the Medical Defendants' motion to dismiss without prejudice to renew upon a lifting of the stay (D.I. 62).

Plaintiff filed an Amended Complaint, which removed Phelps and McKay as Defendants and added Connections and certain medical providers as Defendants. (*See* D.I. 11). The Amended Complaint asserted three claims relating to purportedly inadequate or punitive treatment rendered by the various Defendants. The Court again screened the Amended Complaint under § 1915(e)(2)(b) and § 1915A(a) and found Plaintiff's first claim to be legally frivolous and barred under principles of claim preclusion. (*See* D.I. 13 at 4-7). The Court also found any claim of medical negligence legally frivolous as lacking the requisite affidavit of merit required by Delaware law. (*Id.* at 7). The Court allowed the remaining two claims to proceed to the extent that they did not relate to medical negligence. (*Id.*).

Plaintiff then filed several requests to amend his pleading, removing some defendants and adding others (*see* D.I. 16 and 27), ultimately resulting in the Second Amended Complaint (D.I. 30), which is now the operative pleading before the Court. Relevant here, the Second Amended Complaint added the State Defendants, which Plaintiff argued was appropriate because Metzger and Parker were Warden and Deputy Warden, respectively, at JTVCC at the time Plaintiff's rights were purportedly violated. (D.I. 27 at 1-2). Although Metzger and Parker are not specifically named in the Second Amended Complaint other than in the caption, Plaintiff contends that Metzger and Parker constitute the "DOC" referenced in his Second Amended Complaint. (*Id.* at 2; *see also* D.I. 30 at 6 ("It must be understood that defendants and DOC have a custom of indifference where DOC overlooks the gross and obvious negligent and inadequate treatment of prisoners like West . . . .")). The State Defendants are being sued in their official and individual capacities. (D.I. 30 at 8).

On December 5, 2020, the State Defendants filed the present motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the Second Amended Complaint

fails to plausibly allege sufficient personal involvement on behalf of either Metzger or Parker to give rise to a § 1983 claim. (*See* D.I. 35 ¶¶ 9-13). The State Defendants also seek dismissal of any claims against them in their official capacities seeking monetary damages as barred by sovereign immunity (*id.* ¶¶ 14-15), and the State Defendants seek dismissal of any claims against them in their individual capacities on the basis of qualified immunity as well (*id.* ¶¶ 16-17).

## II.  LEGAL STANDARDS

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232-33 (3d Cir. 2008). The Court is not, however, required to accept as true bald assertions, unsupported conclusions or unwarranted inferences. *See Mason v. Delaware (J.P. Court)*, No. 15-1191-LPS, 2018 WL 4404067, at *3 (D. Del. Sept. 17, 2018); *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Dismissal under Rule 12(b)(6) is only appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). This plausibility standard obligates a plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Instead, the pleadings must provide sufficient factual allegations to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 506 U.S. at 678.

4

### III. DISCUSSION

#### A. Plaintiff's § 1983 Claim Against the State Defendants

As noted above, the Court has previously addressed the sufficiency of various constitutional claims asserted by Plaintiff and, most recently, allowed Plaintiff's claims relating to inadequate medical treatment to proceed after screening under § 1915(e)(2)(b) and § 1915A(a). In the Second Amended Complaint, Plaintiff added the State Defendants as parties to the case, seemingly in connection with Plaintiff's claims relating to his Eighth Amendment rights.[2] That being said, although the individuals Metzger and Parker were listed by name in the caption of the Second Amended Complaint, their names do not appear in any specific allegations anywhere in that pleading. The State Defendants argue that any § 1983 claim against them must be dismissed because Plaintiff has failed to plausibly allege any personal involvement by either Metzger or Parker. (D.I. 35 ¶¶ 9-13). The Court agrees.

"To state a § 1983 claim, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." *Kaucher v. Cty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995)); *accord L.R. v. Sch. Dist. of Phila.*, 836 F.3d 235, 241 (3d Cir. 2016); *see also Kedra v. Schroeter*, 876 F.3d 424, 436 n.6 (3d Cir. 2017) (acknowledging this requirement). Liability in a § 1983 action is personal in nature, and to be liable, a defendant must have been personally involved in the wrongful conduct. That is, defendants are "liable only for their own

---

[2] Plaintiff also apparently added a new claim alleging breach of contract and "treatment fraud." (D.I. 30 at 2). As best the Court can discern, that new claim is not asserted against the State Defendants and Plaintiff has not argued otherwise in the briefing. (*See generally* D.I. 56 (no mention of new breach of contract of "treatment fraud" claim being relevant to State Defendants)).

unconstitutional conduct." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, 135 S. Ct. 2042 (2015). "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Alexander v. Forr*, 297 F. App'x 102, 104-05 (3d Cir. 2008) (constitutional deprivation cannot be premised merely on the fact that the defendant was a prison supervisor when the incidents set forth in the complaint occurred); *Evancho v. Fisher*, 423 F.3d 347, 353-54 (3d Cir. 2005).

The Second Amended Complaint does not include any allegations (factual or otherwise) as to what the State Defendants did (or did not do) in relation to the alleged violations of Plaintiff's constitutional rights. (*See generally* D.I. 30). Indeed, neither Metzger nor Parker is mentioned anywhere by name other than in the caption. Rather, Plaintiff's claims against the State Defendants appear to be based solely on the supervisory roles that Metzger and Parker held at the JTVCC – and the law is clear that personal involvement is required. In opposing the motion, Plaintiff responds that he "has, through his multiple filings in this case, pleaded sufficient facts to show personal involvement on behalf of both defendant Metzger and Parker." (D.I. 56 at pg. 2 of 5).[3] He then goes on to describe certain purported events involving the State Defendants, without

---

[3] Plaintiff has been represented by counsel since November 30, 2020. (*See* D.I. 51).

citation to anything in the record other than one reference the State Defendants' opening brief. (*Id.* at pgs. 2-3 of 5). Plaintiff also filed a supplemental response to the motion, which includes an affidavit that recites certain allegations against Metzger and Parker, as well as against some of the other defendants. (D.I. 57). The fundamental problem with Plaintiff's position is that there are no allegations in the operative pleading – *i.e.*, the Second Amended Complaint – that plausibly suggest that the State Defendants had any personal involvement in (or knowledge of and acquiescence to) the purported constitutional violations. Although Plaintiff urges the Court to consider "factual allegations" from materials other than the operative pleading (including the affidavit filed with Plaintiff's supplemental response), the Court declines to exercise its discretion and consider extrinsic material. *See Pryor v. Nat'l Collegiate Athletic Ass'n.*, 288 F.3d 548, 559 (3d Cir. 2002) ("[A] trial court has discretion to address evidence outside the complaint when ruling on a motion to dismiss.").[4] Based on the allegations present in the operative pleading, the Court must dismiss Plaintiff's § 1983 claims against the State Defendants for failing to plausibly suggest the requisite personal involvement.

B. **Sovereign and Qualified Immunity**

Although the Court finds that dismissal is warranted because Plaintiff has failed to adequately allege personal involvement by the State Defendants, the Court also briefly addresses the immunity arguments raised in the State Defendants' motion. (*See* D.I. 35 ¶¶ 14-17). Plaintiff is suing the State Defendants in their official and individual capacities and is seeking, *inter alia*, monetary damages. (D.I. 30 at 8). The State Defendants argue that dismissal is also warranted

---

[4] Considering such material would require conversion of the Rule 12(b)(6) motion into a motion for summary judgment under Rule 56, the consequence of which could result in an adjudication on the merits. *See* FED. R. CIV. P. 12(d). Plaintiff has not requested such a conversion and the Court declines to do so *sua sponte*.

because they are protected in their official capacities by sovereign immunity and in their individual capacities by qualified immunity.  (*See* D.I. 35 ¶¶ 14-17).

To survive a claim of qualified immunity, a plaintiff must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct."  *Mirabella v. Villard*, 853 F.3d 641, 648 (3d Cir. 2017) (cleaned up); *see also Santini v. Fuentes*, 795 F.3d 410, 418 (3d Cir. 2015) (courts have discretion in determining which of the two prongs in the qualified immunity test to resolve first).  The State Defendants argue that any claims against them in their individual capacities must also be dismissed based on qualified immunity because Plaintiff failed to allege any personal involvement by the State Defendants in any statutory or constitutional violation.  (*See* D.I. 35 ¶¶ 16-17).  In its response, Plaintiff argues that the State Defendants "participated and acquiesced to a custom that allowed abuse and punishment of such a cruel nature to warrant this suit."  (*See* D.I. 56 at pg. 4 of 5).  Again, the problem with Plaintiff's argument is that the Second Amended Complaint is devoid of any allegations suggesting that the State Defendants were personally involved in such participation or acquiescence.  As such, Plaintiff has failed to sufficiently allege that the State Defendants violated any statutory or constitutional right, let alone a clearly established one.  Therefore, based on the current record, the State Defendants are entitled to qualified immunity.

Turning next to sovereign immunity, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  The Eleventh Amendment bars "suits for monetary damages by private parties in federal court against a state or against state agencies."  *Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990); *see also id.* ("[The Eleventh Amendment] also bars a suit against state officials in their official capacity, because the state is the real party in

interest inasmuch as the plaintiff seeks recovery from the state treasury."). As is clear from the Second Amended Complaint, Plaintiff is seeking monetary damages from the State Defendants being sued in their official capacities. (D.I. 30 at 8 ("Plaintiff seeks declaratory, injunctive and compensatory relief. All compensation is to be monetary . . . . Punitive damages, monetary in nature are also sought. Defendants are sued in their individual and official capacit[ie]s.")). Any claim for monetary damages against the State Defendants in their official capacities is barred by sovereign immunity.[5]

### C. Leave to Amend

Plaintiff has not requested leave to amend the Second Amended Complaint in the event that the Court dismisses the claims against the State Defendants. The Court therefore declines to address whether Plaintiff should be afforded an opportunity to amend here.

## IV. CONCLUSION

For the foregoing reasons, the State Defendants' motion to dismiss (D.I. 35) is GRANTED. An appropriate order will follow.

---

[5] Plaintiff has no meaningful response to the State Defendants' sovereign immunity arguments. (*See* D.I. 56 at pg. 4 of 5).